IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JACKIE LAMAR JOHNSON, #159385, | ) ) ) |
| Petitioner, | ) ) ) |
| VS. | ) CIVIL ACTION NO. ) 3:06-CV-71-WHA ) |
| WARDEN KENNETH JONES, *et. al.*, | ) ) ) ) |
| RESPONDENTS. | ) |

## RESPONDENTS' ANSWER TO COURT'S
## ORDER TO SHOW CAUSE

Come now Respondents, in this case, and file their answer in response to this Court's Order to Show Cause dated January 30, 2006. In support of their answer, Respondents present the following answer, supporting memorandum brief, and exhibits.

## PROCEDURAL HISTORY[1]

Petitioner, Jackie Lamar Johnson (Johnson), was initially convicted of first degree rape and attempted murder on June 12, 1990. (R. 3, 7) Johnson was sentenced to life imprisonment for both offenses, and his sentences were ordered to

---

[1] All facts were taken from Respondents' Exhibit A, unless otherwise denoted.

run consecutively. (R. 8) Johnson's convictions and sentences were affirmed on appeal by the Alabama Court of Criminal Appeals in a memorandum decision dated April 12, 1991. (Exhibit B) Certificate of judgment was issued on May 2, 1991. (R. 8)

On October 13, 2004, Johnson filed a Rule 32 petition, pursuant to Rule 32 of the Alabama Rules of Criminal Procedure, in the Lee County Circuit Court challenging his convictions for first degree rape and attempted murder. (R. 12) Johnson alleged the court was without jurisdiction to render judgment or to impose sentence. (R. 16) Johnson filed a memorandum in support of his Rule 32 petition with supporting exhibits. (R. 20-26)

On November 2, 2004, the State filed a response to Johnson's Rule 32 petition. (R. 27-30) The State averred that Johnson's claims that the indictments were defective because they failed to track the language of the statutes involved for his convictions were without merit, and the issues were not pleaded specifically as required by Rule 32.1 of the Alabama Rules of Criminal Procedure. (R. 27-28) The State further averred that Johnson's Rule 32 petition was due to be dismissed because the issues should have been raised at trial or on direct appeal, were barred by the statute of limitation, and Johnson's claims were meritless as the indictments adequately tracked the language of the statute. (R. 28-30)

On October 22, 2004, Judge Harper entered an order denying and dismissing Johnson's Rule 32 petition. (R. 31) Judge Harper ruled Johnson's Rule 32 petition was not filed in a timely manner. (R. 31) Judge Harper further ruled that there were no material issues of fact or law that exist that would entitle Johnson to relief on his Rule 32 petition claims. (R. 31)

On January 6, 2005, Johnson filed notice of appeal. On appeal, the denial of Johnson's Rule 32 petition was affirmed on April 22, 2005. (Exhibit A-1) Certificate of judgment was issued on November 10, 2005. (Exhibit A-2)

## JOHNSON'S FEDERAL HABEAS CLAIMS

On January 12, 2006, Johnson filed a federal writ of habeas corpus petition in this Court. Johnson's claim, as understood by Respondents, is as follows:

> His indictment charging attempted murder is invalid because it did not properly invoke the Lee County Circuit Court's jurisdiction.

On January 30, 2006 this Court entered an order requiring Respondents to show cause why Johnson's federal writ of habeas corpus petition should not be granted.

## ANSWER TO THE PETITION

1. Respondents admit Johnson is being held in the Alabama state penitentiary pursuant to lawful convictions for attempted murder and first-degree rape with two consecutive life sentences. Johnson's convictions and sentences were entered in the Circuit Court of Lee County, Alabama.

2. Respondents deny that any of Johnson's rights under the Constitution of the United States or under any federal statute or treaty have been abridged.

3. Respondents deny each and every allegation contained in Johnson's petition.

4. Johnson's federal habeas corpus petition is barred by the one-year statute of limitation.

# MEMORANDUM BRIEF IN
# SUPPORT OF ANSWER[2]

Johnson's allegations are barred from consideration by this Court because his federal writ of habeas corpus petition was filed in violation of the one-year statute of limitation expressed in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). The one-year statute of limitation of the AEDPA is codified in Title 28 U.S.C. §2244(d), and provides:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or expiration of time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] Respondents will only address the one-year statute of limitation violation presented by Johnson's federal writ of habeas corpus petition. Respondents do not waive their procedural default claims and reserve the right to raise any procedural default claims should this Court conclude Johnson's federal habeas corpus petition is not barred by the one-year statute of limitation.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Title 28 U.S.C. §2244(d)(1)(A), requires a federal habeas petitioner to file a petition for writ of habeas corpus within at least one year after his state conviction becomes final.

Johnson was convicted on June 12, 1990, for first degree rape and attempted murder. (Exhibit A) Johnson was sentenced to two consecutive life sentences. Johnson's convictions and sentences were affirmed on appeal by the Alabama Court of Criminal Appeals in a memorandum decision dated April 12, 1991. (Exhibit B) Certificate of judgment was issued on May 2, 1991. Johnson had an additional 90 days to seek review by the Supreme Court of the United States. He did not avail himself of the option of further review. Therefore, Johnson's convictions and sentences were final on August 2, 1991, considering the 90-day period.

First, Johnson's convictions and sentences became final before the enactment of the AEDPA in 1996. Johnson could have taken advantage of the "equitable application" to challenge his convictions and sentences via a federal habeas petition. Under "equitable application" petitioners were allowed a one-year moratorium until April 24, 1997, to file their federal habeas petition, despite the

finality date.  See Wilcox v. Florida Department of Corrections, 158 F. 3d 1209, 1211 (11th Cir. 1998).  Johnson's federal habeas petition in this case was filed eight years after the April 24, 1997 deadline.  Thus, Johnson's federal writ of habeas corpus petition was untimely filed.  Johnson's federal habeas petition, however, could be addressed by this Court, if he is able to take advantage of the tolling provisions.  Based upon the facts, however, Johnson's federal habeas petition violates the one-year statute of limitation and should be denied.

Second, Johnson also cannot take advantage of the tolling provision in the AEDPA provision codified in Title 28 U.S.C. §2244(d)(2).  The tolling provision tolls the one-year statute of limitation, if a state post-conviction petition is "properly filed" within the one-year period following a state direct appeal.

Here, Johnson did not properly file a post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure (ARCrP) within the two-year time period because Johnson's convictions and sentences were final before the August 2001 amendment to Rule 32.2(c), ARCrP.  Johnson's Rule 32 petition was filed approximately 15 years after his convictions became final.  Johnson's convictions became final August 2, 1991.  He did not file his federal habeas corpus petition until January 12, 2004.  Because Johnson did not follow established state procedures by filing a timely Rule 32 petition within the required statute of limitation period, his state post-conviction petition had no effect on the one-year

7

statute of limitation under the AEDPA. In fact, when Johnson filed his Rule 32 petition, the one-year statute of limitation provided by the AEDPA had expired. Thus, Johnson's federal habeas corpus petition is untimely filed.

Third, Johnson also cannot take advantage of "equitable tolling." This procedure allows a federal habeas petitioner to seek federal habeas review even if he failed to follow established deadlines and imposed statute of limitation provisions. See Pace v. Diguglielmo, 125 S.Ct. 1807 (2005). In Pace, the Supreme Court of the United States affirmed the denial of Pace's federal habeas corpus petition on the basis of a statute of limitation violation. Pace failed to timely file a state post-conviction petition. His failure to timely comply with established procedural state rules prevented his federal habeas petition from being addressed on the merits.

Similarly in Rivers v. U.S., 416 F.3d 1319 (11th Cir. 2005), the Eleventh Circuit Court of Appeals denied a petitioner's request for federal habeas review because he did not timely seek review of his claims in state court. Rivers challenged his 1996 federal conviction for conspiracy to possess cocaine. His conviction became final on February 17, 1997. He filed a state post-conviction proceeding on April 16, 2001 that vacated his 1987 state drug conviction that was used to enhance his 1996 federal conviction. On September 23, 2002, Rivers filed a petition in federal court seeking review of his 1996 federal conviction. The

Eleventh Circuit held that the vacating of Rivers's state conviction qualified as a triggering mechanism to not apply the one-year statute of limitation. <u>Rivers</u>, at 1322. The Eleventh Circuit, however, held that, because Rivers waited four years to challenge his state conviction, his federal petition would not be reviewed. Because Rivers did not "timely" seek review in state court, he failed to use "due diligence" in addressing his claims. <u>Id</u>. Consequently, Rivers could not take advantage of equitable tolling, and his federal petition was denied based upon a statute of limitation violation.

Here, Johnson did not "properly" file his Rule 32 petition challenging his convictions and sentences in state court. His Rule 32 petition was filed more than 15 years after the finality of his convictions and sentences. His late filing is in total violation of the statute of limitation rules provided in Rule 32.2(c), ARCrP.

Johnson also has not exercised "due diligence" in having his claims reviewed in state court. He knew or should have known about his claims of an illegal indictment. If true, this information is not newly discovered facts. Johnson knew about his indictment pre-trial, during trial, and post-trial. He never challenged the indictment, not even on direct appeal. (Exhibit B)
Johnson's 15-year delay is contributed to his own efforts. Johnson's failure to timely and properly seek state review of his claims prevents him from taking advantage of equitable tolling, and the provision for newly discovered evidence

9

and facts provided in Title 28 U.S.C. § 2244(d)(1)(D). Thus, his federal habeas corpus petition should be dismissed.

### EXHIBITS

A -   Record in CC-90-288.60 and CC-90-289.60; CR-04-0651

A-1 - Memorandum opinion in CR-04-0651 (Rule 32)

A-2 - Certificate of Judgment in CR-04-0651; S.Ct. 1041238

B -   Memorandum opinion in CR-90-250 (direct appeal).

### CONCLUSION

Based upon the foregoing, Johnson's federal habeas corpus petition should be denied based upon a violation of the one-year statute of limitation.

Respectfully submitted,

s/Yvonne A. H. Saxon (Sax003)
Yvonne A. H. Saxon (Sax003)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: ysaxon@ago.state.al.us

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: Jackie Lamar Johnson, AIS #159385, 100 Warrior Lane, Bessemer, AL 35023.

>Respectfully submitted,
>
>s/Yvonne A. H. Saxon (Sax003)
>Yvonne A. H. Saxon (Sax003)
>Office of the Attorney General
>Alabama State House
>11 South Union
>Montgomery, AL 36130-0152
>Telephone: (334) 242-7300
>Fax: (334) 242-2848
>E-Mail: ysaxon@ago.state.al.us

109283/90708-001