COURT OF CRIMINAL APPEALS NO. _CR 04-0651_

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

FROM

CIRCUIT COURT OF ____LEE____ COUNTY, ALABAMA

CIRCUIT COURT NO. ___CC 1990 288.60 & CC 1990 289.60___

CIRCUIT JUDGE ___HON ROBERT M HARPER___

**Type of Conviction / Order Appealed From:** ___RULE 32 PETITION___

**Sentence Imposed:** ___RULE 32 PETITION DISMISSED___

**Defendant Indigent:** ☒ YES   ☐ NO

___JACKIE LAMAR JOHNSON___                  AIS#159385

___PRO-SE___                                **NAME OF APPELLANT**
(Appellant's Attorney)                          (Telephone No.)
___100 WARRIOR LANE___
(Address)
___BESSEMER    AL    35023-7299___
(City)              (State)            (Zip Code)

V.

___STATE OF ALABAMA___

                                            **NAME OF APPELLEE**
e represented by Attorney General)
'E: If municipal appeal, indicate above, and enter
e and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)



EXHIBIT

A

# I N D E X

CASE ACTION SUMMARY ------------------------------------------------- 002

IN FORMA PAUPERIS DECLARATION -------------------------------------- 009

PETITION FOR RELIEF FROM CONVICTION OR SENTENCE -------------------- 012

DISTRICT ATTORNEY'S RESPONSE AND MOTION FOR SUMMARY DISMISSAL OF
DEFENDANT'S RULE 32 PETITION --------------------------------------- 027

ORDER -------------------------------------------------------------- 031

PETITIONER'S NOTICE OF APPEAL -------------------------------------- 032

CLERK'S CERTIFICATE OF COMPLETION ---------------------------------- 039

002

```
ACR0372                  ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 1990 000288.60
OPER: KAH                     CASE ACTION SUMMARY
PAGE:   1                        CIRCUIT  CRIMINAL
======================================================================  RUN DATE: 10/29/2004
IN THE CIRCUIT COURT OF    LEE
                                                                                   JUDGE: RMH
  STATE  OF  ALABAMA                      VS         JOHNSON JACKIE LAMAR
  CASE: CC 1990 000288.60                            AIS#159385
                                                     100 WARRIOR LANE
                                                     BESSEMER, AL  35023 7299
  DOB: 08/12/1970           SEX: M  RACE: B  HT: 5 08  WT: 148    HR: BLK EYES:
  SSN: 943000288   ALIAS NAMES:
======================================================================
CHARGE01: RULE 32-FELONY          CODE01: RULE  LIT: RAPE I       TYP: F #: 001
OFFENSE DATE:                           AGENCY/OFFICER: 0430200
DATE WAR/CAP ISS:
DATE    INDICTED: 03/15/1990          DATE ARRESTED: 02/13/1990
DATE    RELEASED:                     DATE    FILED: 03/15/1990
BOND     AMOUNT:    $100,000.00       DATE  HEARING:
                                         SURETIES:
DATE 1:               DESC:
DATE 2:               DESC:           TIME: 0000
                                      TIME: 0000
TRACKING NOS:                    /                          /

  DEF/ATY: PRO SE
                                     TYPE: S
                                                                          TYPE:
                          00000
                                                         00000
  PROSECUTOR: ABBETT NICK

======================================================================
OTH CSE:  000000000000 CHK/TICKET NO:
COURT REPORTER:                                              GRAND JURY: 00036
DEF STATUS: PRISON                SID NO:     011277930
                                  DEMAND:                        OPER: KAH
NOTE: 10/13/04 PETITION FOR RELIEF FROM CONVICTION OR SENTENCE
======================================================================
DATE       ACTIONS,  JUDGEMENTS,  AND  NOTES
======================================================================
10/13/04   Petition For Relief from Conviction or Sentence
10/13/04   In Forma Pauperis Declaration
```



| State of Alabama Unified Judicial System | **CASE ACTION SUMMARY** | Case Number |
|---|---|---|
| Form C-7  Rev. 2/79 | **CONTINUATION** | CC 90-288 |
| | | ID    YR    Number |

**Style:**    State v. Johnson

Page Number __2__ of ____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 4-4-90 | On motion of State, due to absence of lab reports, this case is continued and is now reset for trial on June 4, 1990, at 8:30 A.M. |
| 5-18-90 | Motion for Consolidation of Offenses. |
| 5-23-90 | State's Written Request for Discovery |
| 5-24-90 | On State's Motion for Consolidation of Offenses, the Court hereby GRANTS said motion. |

6-12-90

Defendant heretofore having been indicted and arraigned upon an indictment on a charge of __Rape, I__ _____ and heretofore having plead not guilty thereto, issue joined on said plea. Thereupon comes a jury of good and lawful men and women, to-wit, __Jerry L. Smith__ and eleven others, who being duly empanelled, sworn and charged by the Court according to law, before whom the trial of this cause was entered upon and continued from day to day and from time to time, said Defendant, __Jackie Lamar Johnson__, being in open Court at each and every stage and during all the proceedings in this cause, now on this the __12th__ day of __June__, 19 __90__, said jurors upon their oaths do say

"We, the jury, find the Defendant, Jackie Lamar Johnson, guilty of Rape in the first degree as charged in the indictment.

Jerry L. Smith, Foreman"

In accordance with the verdict of the jury/the defendant's plea of guilty, defendant is hereby adjudged guilty of __Rape, I__ as __charged__ in the indictment. Defendant being asked if he had anything to say why the sentence of law should not be pronounced upon him, the defendant says nothing but presentence report is requested by __Defendnat__

Sentencing and restitution hearing is set for July 25, 1990, at 9:00 A.M. Defendant is to be held without bond until said hearing.

004

# ALABAMA JUDICIAL INFORMATION CENTER

## CASE ACTION SUMMARY
### CIRCUIT CRIMINAL

CASE: CC 90 000288 00

IN THE CIRCUIT COURT OF    LEE    COUNTY     JUDGE: RMH

STATE OF ALABAMA     VS     JOHNSON JACKIE LAMAR

CASE: CC 90 000288 00

| | |
|---|---|
| CHARGE: RAPE I     TYPE: F | DATE WAR/CAP ISSUED: __/__/__ |
| LITERAL: RAPE 1ST DEGREE | DATE ARRESTED: 02/13/90 |
| DEFENDANT STATUS: OTHER | DATE HEARING: __/__/__ |
| DEFENSE ATTORNEY: Hon. Thomas Rountree | DATE RELEASED: __/__/__ |
| PROSECUTOR: MYERS, RONALD L | DATE ARRAIGNED: 03/22/90 |
| OFFICER:     COUNSEL: | DATE TRIAL: 04/09/90 |
| DATE OF BIRTH: 9-12-70 | BOND/TYPE SURETIES: |
| RACE: N     SEX: M | BOND AMOUNT: $000000.00 |
| ALIAS NAME: _____ | DATE INDICTED: 03/15/90 |
| AGENCY: MOPD | DATE FILED: 03/15/90 |
| DC CASE NUMBER: 0   0   0 | WORTHLESS CHECK NO: _____ |
| GRAND JURY NUMBER: 00036 | COURT REPORTER: _____ |
| ADDITIONAL INFORMATION AND REMARKS: | SID NO: 001127793 |

## DATE      ACTIONS, JUDGMENTS, CASE NOTES

**3-15-90**   Discovery Order

It appearing to the Court that the Defendant is without and unable to employ counsel and upon Defendant's request that the Court appoint counsel to represent Defendant in this case, the Court hereby appoints Hon. _____ Attorney-at-Law, to represent Defendant.

**3/22/90**   On this day the defendant, with his attorney, Hon. Thomas Rountree , and after being advised by the Court of his rights under the Alabama Youthful Offender Act, makes application for Youthful Offender Treatment. Hearing on said application is hereby set for 3/22 , 1990, at 2:00 AM/PM.

After investigation and examination of the defendant by this Court, defendant's application of Youthful Offender Treatment is hereby Denied

The Defendant being in open court accompanied by attorney of record, and being duly arraigned does plead not guilty. The Defendant is granted 4 days to file motions or special pleas. This case is set for trial on the 9 day of April , 1990 , at 8:30 A.M. Pending trial, Defendant is remanded to jail or released on present bond.

**3-26-90**   Motion to Require District Attorney to Select Case for Trial

**3-26-90**   Request for Production

```
ACR0372              ALABAMA JUDICIAL INFORMATION SYSTEM       CASE: CC 1990 000289.60
OPER: KAH                     CASE ACTION SUMMARY
PAGE:   1                       CIRCUIT   CRIMINAL                RUN DATE: 10/29/2004
================================================================================
IN THE CIRCUIT COURT OF    LEE
                                                                         JUDGE: RMH
   STATE  OF  ALABAMA              VS        JOHNSON JACKIE LAMAR
   CASE: CC 1990 000289.60                   AIS#159385
                                             100 WARRIOR LANE
                                             BESSEMER, AL  35023 7299

   DOB: 08/12/1970        SEX: M  RACE: B  HT: 5 08  WT: 148  HR: BLK EYES:
   SSN: 943000289  ALIAS NAMES:
================================================================================
CHARGE01: RULE 32-FELONY          CODE01: RULE  LIT: ATTEMPT MURDER TYP: F #: 001
OFFENSE DATE:                             AGENCY/OFFICER: 0430200

DATE WAR/CAP ISS:
DATE    INDICTED: 03/15/1990             DATE ARRESTED: 03/13/1990
DATE   RELEASED:                         DATE    FILED: 03/15/1990
BOND      AMOUNT:      $100,000.00       DATE  HEARING:
                                              SURETIES:
DATE 1:              DESC:                TIME: 0000
DATE 2:              DESC:                TIME: 0000

TRACKING NOS:                    /                      /

   DEF/ATY: PRO SE                  TYPE: S
                                                                          TYPE:
                            00000                      00000
PROSECUTOR: ABBETT NICK
================================================================================
OTH CSE:   000000000000 CHK/TICKET NO:
COURT REPORTER:                    SID NO:                GRAND JURY: 00037
DEF STATUS: PRISON                 DEMAND:  011277930
                                                                   OPER: KAH
NOTE: 10/13/04 PETITION FOR RELIEF FROM CONVICTION OR SENTENCE
================================================================================
DATE         ACTIONS,  JUDGEMENTS,  AND  NOTES
================================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|------|-------------------------------|
| 10/13/04 | Petition for Relief from Conviction or Sentence |
| 10/13/04 | In Forma Pauperis Declaration |

# ALABAMA JUDICIAL INFORMATION CENTER



## CASE ACTION SUMMARY
### CIRCUIT CRIMINAL

CASE: CC 90 000289 00

| | |
|---|---|
| IN THE CIRCUIT COURT OF | LEE COUNTY |

JUDGE: RMH

STATE OF ALABAMA               VS    JOHNSON JACKIE LAMAR

CASE: CC 90 000289 00

| | |
|---|---|
| CHARGE: ATTEMPT MURDER   TYPE: F | DATE WAR/CAP ISSUED: __/__/__ |
| LITERAL: MURDER-ATTEMPTED | DATE ARRESTED: 03/13/90 |
| DEFENDANT STATUS: OTHER | DATE HEARING: __/__/__ |
| DEFENSE ATTORNEY: | DATE RELEASED: __/__/__ |
| PROSECUTOR:    MYERS, RONALD L | DATE ARRAIGNED: 03/22/90 |
| OFFICER:           COUNSEL: | DATE TRIAL: 04/09/90 |
| DATE OF BIRTH:  8-12-70 | BOND/TYPE SURETIES: |
| RACE: N       SEX: M | BOND AMOUNT:    $100000 .00 |
| ALIAS NAME:  ——————— | DATE INDICTED: 03/15/90 |
| AGENCY:    MOPD | DATE FILED: 03/15/90 |
| DC CASE NUMBER:    O    O O | WORTHLESS CHECK NO: ——————— |
| GRAND JURY NUMBER: 00037 | COURT REPORTER: ——————— |
| ADDITIONAL INFORMATION AND REMARKS: | SID NO:    001127793 |

## DATE          ACTIONS, JUDGMENTS, CASE NOTES

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 3-15-90 | Discovery Order |
| 3/22/90 | On this day the defendant, with his attorney, Hon. ~~Thomas Mountree~~, and after being advised by the Court ~~of his rights under the Alabama Youthful Offender Act, makes application for Youthful Offender Treatment. Hearing on said application is hereby set for 3/22 , 1990 at 8:00 AM/PM.~~ |
| | ~~After investigation and examination of the defendant by this Court, defendant's application of Youthful Offender Treatment is hereby Denied~~ |
| | ~~The Defendant being in open court accompanied by attorney of record, and being duly arraigned does plead not guilty. The Defendant is granted 4 days to file motions or special pleas. This case is set for trial on the 9 day of April , 1990 , at 8:30 A.M. Pending trial, Defendant is remanded to jail or released on present bond.~~ /s/ RMHoge Judg |
| 3-26-90 | Motion to Require District Attorney to Select Case for Trial |
| 3-26-90 | Request for Production |
| 4-4-90 | On motion of State, due to absence of lab reports, this case is continued and is now reset for trial on June 4, 1990, at 8:30 A.M. /s/ RMHoge Judg |
| 4-9-90 | Motion to Compel Samples from Defendant |

A L A B A M A   J U  C I A L   I N F O R M A  O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE:  CC 90 000289 00
JUDGE ID:  RMH

| STATE OF ALABAMA | VS | JOHNSON JACKIE LAMAR |
|---|---|---|

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|---|---|
| 2-18-90 | Motion for Consolidation of Offenses |
| 5-23-90 | State's Written Request for Discovery |
| 5-24-90 | On State's Motion for Consolidation of Offenses, the Court hereby GRANTS said motion. |

*[signature] Judge*

6-12-90

Defendant heretofore having been indicted and arraigned upon an indictment on a charge of **Attempted Murder** and heretofore having plead not guilty thereto, issue joined on said plea. Thereupon comes a jury of good and lawful men and women, to-wit, **Jerry L. Smith** and eleven others, who being duly empanelled, sworn and charged by the Court according to law, before whom the trial of this cause was entered upon and continued from day to day and from time to time, said Defendant, **Jackie Lamar Johnson**, being in open Court at each and every stage and during all the proceedings in this cause, now on this the **12th** day of **June** 19 **90** said jurors upon their oaths do say:

"We, the jury, find the Defendant, Jackie Lamar Johnson, guilty of Attempted Murder as charged in the indictment.

Jerry L. Smith, Foreman"

In accordance with the verdict of the jury/the defendant's plea of guilty, defendant is hereby adjudged guilty of **Attempted Murder** as **charged** in the indictment. Defendant being asked if he had anything to say why the sentence of law should not be pronounced upon him, the defendant says nothing but presentence report is requested by Defendant. Sentencing and restitution hearing is set for July 25, 1990, at 9:00 A.M. Defendant is to be held without bond until said hearing.

*[signature] Judge*

008

| State of Alabama<br>Unified Judicial System<br><br>Form C-7  Rev. 2/79 | **CASE ACTION SUMMARY**<br>**CONTINUATION** | **Case Number**<br><br>CC  90-289<br>ID    YR      Number |
|---|---|---|

Style:

State vs. Jackie L. Johnson

Page Number **3**  of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 7-25-90 | It is the sentence of the Court that the Defendant:  be imprisoned in the penitentiary of the State of Alabama for a term of Life   years on which he is given credit for  195 days in pretrial confinement; pay a fine in the amount of $  0   ; pay court costs including reimbursement of fees for court appointed counsel; pay restitution to the Circuit Clerk of $   ; pay a Victim Compensation Assessment (Section 15-23-17) in the amount of $ 25.00   . All payments shall be paid by monthly payments of $100.00 per month as   . condition of release beginning at time of release. Sentence imposed in this case is to run consecutively with sentence imposed in case numbered CC 90-288.<br><br>**THIS DEFENDANT IS/IS NOT ELIGIBLE FOR CLASS I STATUS UNDER SECTION 14-9-41, CODE OF ALABAMA 1975.  THIS OFFENSE DID/DID NOT OCCUR ON OR AFTER MAY 19, 1980.**<br><br>Defendant gives the Court oral notice of appeal.  No appeal bond is set.<br><br>_Smthkey  Judge_ |
| 8-10-90 | NOTICE OF APPEAL TO THE COURT OF CRIMINAL APPEALS.<br>VOL 025 PAGE 403 |
| 8-23-90 | Motion for New Trial |
| 8-27-90 | Motion for new trial denied. |
| 10-31-90 | Motion to be timely filed. |
| 10-31-90 | Clerk's Certificate of Completion -- Transcript mailed. |
| 4-12-91 | Affirmed by Memorandum. |
| 5-2-91 | Certificate of Final Judgment of Affirmance |

009

Case Number

_____
ID    YR    NUMBER
(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

*Lee Bush Circuit Court*

[Insert appropriate court]

*Jackie Lamar Johnson*
(Petitioner)

vs.

*State of Alabama*
(Respondent(s)

F I L E D

OCT 1 3 2004

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, *Jackie Lamar Johnson #159385 R-22* , declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.  Are you presently employed?    Yes _____    No ✓

    a.  If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

    _____

    _____

    b.  If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

    _____

    _____

2.  Have you received within the past twelve months any money from any of the following sources?

    a.  Business, profession, or other form of self-employment?

        Yes _____                    No ✓

    b.  Rent payments, interest, or dividends?

        Yes _____              ? No ✓

    c.  Pensions, annuities, or life insurance payments?

        Yes _____                    No ✓

    d.  Gifts or inheritances?

        Yes _____              No ✓

    e.  Any other sources?

        Yes _____              No ✓

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_____

_____

_____

3. Do you own cash, or do you have money in a checking or savings account?

Yes _____          No __✓__

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

_____

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____          No __✓__

If the answer is "yes", describe the property and state its approximate value.

_____

_____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _October 6, 2004_
                    (Date)

X _Yoshir Johnson_
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _3 29 ¢_ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _William E. Donaldson_ institution:

**COPY FOR COURT**
**ATTACHED**

_____

_10/6/04_
DATE

_____
AUTHORIZED OFFICER OF INSTITUTION
_Patricia A. Person_

Rule 32          My Commission Expires _5/30/2008_

011

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
W.E. DONALDSON CORR. FACILITY

AIS #: 159385        NAME: JOHNSON, JACKIE LAMAR        AS OF: 10/06/2004

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| OCT | 25 | $13.21 | $56.00 |
| NOV | 30 | $1.49 | $0.00 |
| DEC | 31 | $13.24 | $60.00 |
| JAN | 31 | $25.00 | $80.00 |
| FEB | 28 | $11.19 | $0.00 |
| MAR | 31 | $7.22 | $20.00 |
| APR | 30 | $0.22 | $0.00 |
| MAY | 31 | $84.90 | $200.00 |
| JUN | 30 | $1.27 | $0.00 |
| JUL | 31 | $1.27 | $0.00 |
| AUG | 31 | $1.27 | $0.00 |
| SEP | 30 | $3.59 | $45.00 |
| OCT | 6 | $16.44 | $0.00 |

COURT COPY

C12

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

(Pursuant to Rule 32,
Alabama Rules of Criminal Procedure)



FILED

OCT 13 2004

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

Case Number

CC-90—288
CC-90—289

| ID | YR | NUMBER |

IN THE _Circuit_ _____ COURT OF _Lee County_ ALABAMA

_Willie Lamar Johnson_ vs _State of Alabama_
Petitioner (Full Name)                                    Respondent

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

Prison Number _159385_ _____ Place of Confinement _William E. Donaldson Correctional Facility_

County of conviction _Lee County_

## NOTICE:   BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack _Lee County Circuit Court_

2. Date of judgment of conviction _July 25, 1990_

3. Length of sentence _Life /_

4. Nature of offense involved (all counts) _1) Attempted Murder in Violation of Title 13A-6-2 Code of Alabama (1975) 2) Rape 1st Degree in Violation of Title 13A-6-61(a)(1) Code of Alabama (1975)_

5. What was your plea?   (Check one)

   (a)   Guilty _____

   (b)   Not guilty ✓

   (c)   Not guilty by reason of mental disease or defect _____

   (d)   Not guilty and not guilty by reason of mental disease or defect _____

013

6.  Kind of trial: (Check one)

    (a)  Jury ___✓___                    (b)  Judge only _____

7.  Did you testify at the trial?

    Yes _____                    No _____

8.  Did you appeal from the judgment of conviction?

    Yes __✓___                    No _____

9.  If you did appeal, answer the following:

    (a)  As to the state court to which you first appealed, give the following information:

        (1)  Name of court *Alabama Court of Criminal Appeals Direct Appeal*

        (2)  Result *Affirmed by Memorandum*

        (3)  Date of result _____

                            _____

    (b)  If you appealed to any other court, then as to the second court to which you appealed, give
         the following information:

        (1)  Name of court _____

                            _____

        (2)  Result _____

        (3)  Date of result _____

                            _____

    (c)  If you appealed to any other court, then as to the third court to which you appealed, give the
         following information:

        (1)  Name of court _____

                            _____

        (2)  Result _____

        (3)  Date of result _____

                            _____

2

Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes _____    No _____

11.  If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a)  (1)  Name of court _____

(2)  Nature of proceeding _____

(3)  Grounds raised _____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____    No _____

(5)  Result _____

(6)  Date of result _____

(b)  As to any second petition, application, or motion, give the same information:

(1)  Name of court _____

(2)  Nature of proceeding _____

(3)  Grounds raised _____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____    No _____

(5)  Result _____

(6)  Date of result _____

(c)  As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(1)  Name of court _____

3

(2)  Nature of proceeding _____

(3)  Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary) _____

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No _____

(5)  Result _____

(5)  Date of result _____

(d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)  First petition, etc.          Yes _____          No _____

(2)  Second petition, etc.          Yes _____          No _____

(2)  Third petition, etc.          Yes _____          No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION**
**FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

_____ A.  The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

(1)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2)  Conviction obtained by use of coerced confession.

(3)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)  Conviction obtained by a violation of the privilege against self-incrimination.

(6)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)  Conviction obtained by a violation of the protection against double jeopardy.

(8)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9)  Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

B.  The court was without jurisdiction to render the judgment or to impose the sentence.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

C.  The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

D.  Petitioner is being held in custody after his sentence has expired.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

E.  Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

5

The facts do not merely amount to impeachment evidence; and

017

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F.  The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.  **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

"Successive Petitions. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.  Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____          No _✓__

B.  If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)  Name of court _____

(b)  Result _____

(c)  Date of result _____
      (attach additional sheets if necessary)

C.  If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____          No _____

6

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing _____

_____

(b) At arraignment and plea _____

_____

(c) At trial _____

_____

(d) At sentencing _____

_____

(e) On appeal _____

_____

(f) In any post-conviction proceeding _____

_____

_____

(g) On appeal from adverse ruling in a post-conviction proceeding _____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _✓_____              No _____

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____              No _✓_____

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b) And give date and length of sentence to be served in the future: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____              No _____

18. What date is this petition being mailed?

_____

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _____9-29-04_____ .
(Date)

X _Jackie Johnson_
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _29_ day of _September_ _2004_.

_James A. Beachem_
Notary Public
My Commission Expires
9-25-2006

## OR *

# ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____ .
(Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____ , _____

_____
Notary Public

Name and address of attorney representing petitioner in this proceeding (if any)

_____

_____

_____

_____

_____

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

In The Circuit Court of Lee County

Jackie Lamar Johnson
                    Petitioner

US.

State of Alabama
                    Respondent

Case No. CC-90-288
           CC-90-289

Petitioner's Grounds of Petition

Comes Now the Above Styled Petitioner "Jackie Lamar Johnson", And Files This his "Petition For Relief From Conviction or Sentence" Pursuant To Rule 32, A.R. crim.P, And in Support Of Same This Petitioner Will Show unto This Honorable Court the Following To wit.

The Court Was Without Jurisdiction To Render The Judgment or To impose The Sentence

1. Procedural History.

The Petitioner "Jackie Lamar Johnson", Was Formally Indicted by The Lee County Grand Jury in Its March 1990, Session For The Offenses of 1) Illegal Trafficing, in Violation of "Title 34-6-61 (a) (1)" "Code of Alabama 1985)" and 2) "Attempted Murder", in Violation of "Title 13A-6-2" "Code of Alabama 1925)", and

1

021

"Title 13A-4-2" "Code of Alabama (1975)"

Then on June 12, 1990, a Lee County Petit Jury Returned Verdicts Finding the Petitioner guilty of the offense of (1) Rape 1st Degree", and 2) Attempted Murder, As charged in the Indictments.

And on July 25, 1990, the Trial Court Conducted a Formal Sentencing Hearing And Sentenced the Petitioner to Life Imprisonment For the Conviction of Rape 1st Degree, And Life Imprisonment For the Conviction of Attempted Murder.

Then on July 25, 1990 the Petitioner filed Timely Notice of Appeal To the Alabama Court of Criminal Appeals.

And on ___

The Alabama Court of Criminal Appeals Affirmed by Memorandum the Petitioner's Convictions And Sentences.

2. Argument

The Petitioner "Robert Lamar Johnson", Argues That the Trial Court Acted Without Jurisdiction To Render the Judgment or To Impose the Sentence in These Cases for the Following Reasons:

Case Number CC-90-289
Attempted Murder in violation of Title 13A-6-2
Code of Alabama (1975) and Title 13A-4-2 Code of
Alabama (1975)

The Petitioner Freddie Lamar Palmer,
Argues that, as Evidenced by the Indictment
Exhibit A, a copy of the original Indictment
Attached for this Amended Courts inspection,
the Petitioner was charged with Attempted Murder
in violation of Title 13A-6-2 Code of Alabama (1975
and Title 13A-4-2 Code of Alabama (1975)
In Story v. State, 338 So. 2d 3 (Ala. crim. app. 1976)
That court quoting Reynolds v. State, 83 Ala.
App. 290, 24 So. 2d 398 (1939), Held the following
"it is not within the province of any trial court
to modify, change, or alter the statutes of
the State of Alabama, and no trial judge is
vested with the Executive & Discretion to this
End")
The Petitioner argues further that, Additionally
a constitutional of Subject Matter Jurisdiction is
fundamental, cannot be waived and may be
Raised at any time. McKinney v. State, 549
So. 2d 166, 168 (Ala. crim. app. 1989),.
The Petitioner argues that Although he
was indicted for Attempted Murder, The
Alabama criminal statute for this offense
states the following.

023

Title 13A-6-2 Code of Alabama (1975)

Murder

(a) a Person commits the crime of Murder if

(1) With intent to cause the death of Another Person

Title 13A-4-2 Code of Alabama (1975)

Attempt

(a) a Person is guilty of an Attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act toward the commission of said offense.

The Petitioner argues further that his indictment Exhibit A, states the following

Did with the intent to commit the crime of Murder Section 13A-6-2 of the Code of Alabama Attempt to commit said offense by attempting to intentionally cause the death of Another Person,

4

C24

"  The Petitioner argues that although "intent" to commit a crime is a necessary element within any "attempt" statute, it is not, in and of itself, a crime to possess intent.

The Petitioner argues further that, clearly this indictment exhibits, material mistrial, as it does not conform to the criminal statute, Title 13A-6-2, Code of Alabama (1975)

Wherefore Premises Considered Petitioner move this Honorable Court to set this contested matter down for a Evidentiary Hearing on the merits of the Petitioners claim raised in the present Rule 32 Petition

Done this the 30th day of September 2004

Respectfully Submitted

Jackie Lamar Johnson
AIS# 159388
William E. Donaldson Correctional Facility
100 Warrior Lane
Bessemer, Alabama 35023-7209

5

*Exhibit JA*
L VOL **046** PAGE **199**

INDICTMENT

CC-90-289

# THE STATE OF ALABAMA, LEE COUNTY

Circuit Court, _____ March _____ Term, 19_90_

The Grand Jury of said County charge that before the finding of this Indictment _____

Jackie Lamar Johnson, alias Jackie Johnson, whose true christian name is otherwise unknown

to the Grand Jury, did, with the intent to commit the crime of Murder (Section 13A-6-2 of

the Code of Alabama) attempt to commit said offense by attempting to intentionally cause

the death of another person, Maquella Lashawn Jones, by choking her about the neck with

his hands, in violation of §13A-4-2 of the Code of Alabama.

against the peace and dignity of the State of Alabama.

*Ronald L. Myers*

District Attorney of the 37th Judicial Circuit

See. 15-8-150, Code 1975.

No. CC-90-289

THE STATE OF ALABAMA
LEE COUNTY
CIRCUIT COURT

March                    Term, 19 90

THE STATE
vs.

Jackie Lamar Johnson, alias

Jackie Johnson

INDICTMENT

Attempted Murder   §13A-4-2

No Prosecutor

WITNESSES:

Off. Jamie Popwell, OPD
Sgt. Stan Chapman, OPD
Lt. Danny Cooper, OPD
Annie Jones, _____
But Hopson, OPD
Keith Burnett, OPD
Bill Meadows, EYS
Jamie Davis, EAMC ER
Dr. Dale Crosby, EAMC ER
Marquetta Larhawn Jones, _____

Grand Jury No. _____    37

A TRUE BILL:

Myra Bennett
Foreman Grand Jury

Filed in open Court on the 15 day of
March                      , 19 90,
in the presence of the Grand Jury.

Charlotte Clark
Clerk

Presented to the presiding judge in open
Court by the Foreman of the Grand Jury, in the
presence of 17
Grand Jurors, and filed by order of Court this
15 day of March            , 19 90 other

Charlotte Clark
Clerk

Bail fixed at $ 100,000.00

this ___ day of _____ , 19 90

_____
Judge Presiding

HARPER

Sec. 15-8-70, Code 1975.

THE STATE OF ALABAMA

_____ COUNTY

Circuit Court, _____ Term, 19 ___

To the Sheriff of said County:

I hereby certify that this is a true and com-
plete copy of the Indictment presented to the
Court by the Grand Jury of said County,
against _____

charged with _____
together with all endorsements on said Indict-
ment, and that the trial is set for _____
19 ___ , and you will serve this copy of In-
dictment on _____

or _____
his counsel.

Witness my hand, this _____ 19

_____
Clerk

I hereby certify that I have received above
stated copy of Indictment from the Circuit
Court Clerk of said County, and served same

on _____

at _____ o'clock _____ M., _____ , 19 ___

_____ , Sheriff

_____ , D.S.

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

STATE OF ALABAMA,                          *

      PLAINTIFF,                          *

                       *

      v.                          *    CC-90-288, 289

                       *

JACKIE LAMAR JOHNSON,                       *
alias                                       *

      DEFENDANT.                          *

**F I L E D**

NOV 0 2 2004

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

## DISTRICT ATTORNEY'S RESPONSE AND MOTION FOR SUMMARY DISMISSAL OF DEFENDANT'S RULE 32 PETITION

Comes now the State of Alabama, by and through its Assistant District Attorney, Robert T. Treese, III, and for response to this the first Rule 32 petition filed by Defendant, shows unto the Court as follows:

### Summary of Facts

Defendant (hereinafter "Johnson") was tried and convicted of rape, first degree and attempted murder on June 12, 1990. He was sentenced in each case to consecutive life sentences. A direct appeal followed and the convictions were affirmed via memorandum opinion the certificate of judgment for which was filed on May 2, 1991. In this his first petition Johnson claims the court was without jurisdiction in each case due to a defective indictment which he claims fails to track the language of the statutes involved.

1)      The State denies each and every allegation in defendant's petition.

2)      That the defendant has not, with the required specificity, set out any grounds entitling him to relief pursuant to Rule 32.1 (a), (b), (c), (d) or (e) of the Alabama Rules of Criminal Procedure. Accordingly, the District Attorney is not required to address allegations which are not supported by fact and (even if taken as true) do not state a claim. Under such situations "...a court may summarily dismiss the petition without considering the petitioner's response to the State's motion to dismiss, without requiring

the State to specifically refute the claims, and without granting an evidentiary hearing on the claims." Whitt v. State, 827 So.2d 869 (Ala.Crim.App. 2001).

3)    The defendant is precluded from relief pursuant to Rule 32.2 of the Alabama Rules of Criminal Procedure because the grounds alleged in defendant's petition:

[]    may still be raised on direct appeal under the Alabama Rules of appellate Procedure or by post-trial motion under Rule 24.

[]    was raised or addressed at trial.

[x]    in part, could have been but were not raised at trial, unless the ground for relief arises under Rule 32.1(b).

[]    were raised or addressed in part on appeal *or* partly in a previous collateral proceeding;

[x]    in part, could have been but were not raised on appeal, unless the ground for relief arises under Rule 32.1(b);

[]    Defendant's petition is due to be dismissed because said petition is, at least in part, a second or successive petition on the same or similar grounds on behalf of the same petitioner.

[]    Defendant's petition is due to be dismissed because said petition is, at least in part, a second or successive petition alleging a new ground or grounds that were known or could have been ascertained through reasonable diligence when the first petition was heard and failure to

2

entertain this petition will <u>not</u> result in a miscarriage of justice.

[x]    Defendant's petition is due to be dismissed because it is not meritorious on its face and fails to state a claim for which relief can be given.

[x]    Defendant's petition is due to be dismissed because said petition was not filed within the allowable period of limitation as set out in Rule 32.2(c) of the Alabama Rules of Criminal Procedure.

[x]    Defendant's petition is due to be dismissed because no material issue of fact or law exists which would entitle the petitioner to relief under this rule.

4)    Alleged defects to an indictment are waived unless a timely objection appears on the record and the appropriate appeal is filed. <u>Heard v. State</u>, 663 So.2d 973 (Ala. Crim. App. 1995). Petitioner could have made the arguments in advance of trial, at trial or in a post-judgment motion but did not. He could have made the argument regarding jurisdiction on direct appeal but did not. Finally, the indictments in each of the cases do track the language of the statutes in effect at the time. Since the petition is outside the limitations period, the only claims that could be made are those which raise legitimate jurisdictional questions. The current petition does not raise legitimate jurisdictional questions.

Wherefore, the premises considered, the State of Alabama moves this Court to summarily dismiss Defendant's petition as it is in part time-barred, precluded, insufficiently specific and without merit on its

030

face.

Date: _11-2-04_

Respectfully Submitted,

_[signature]_

ROBERT T. TREESE, III
ASSISTANT DISTRICT ATTORNEY
37TH JUDICIAL CIRCUIT OF ALABAMA


## CERTIFICATE OF SERVICE

The undersigned certifies that copies of the foregoing were served on the following by depositing same in the U.S. Mail in envelopes, with prepaid first class postage affixed thereto, __xx__ directed to their addresses below and as disclosed by the court file, or ____ by depositing same in the mail receptacles specifically reserved for them in the Circuit Clerk's Office, Lee County Justice Center, Opelika, Alabama or _____ via hand-delivery to the Defendant.

Jackie L. Johnson AIS 159385
Donaldson Correctional Facility
100 Warrior Lane
Bessemer, Alabama 35023-7299

Done this the _2nd_ day of _November_, 2004.


_[signature]_

ROBERT T. TREESE, III
ASSISTANT DISTRICT ATTORNEY
37TH JUDICIAL CIRCUIT OF ALABAMA

4

031

## IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA, | * | |
| | * | |
| v. | * | CASE NO. CC 90-288,289 |
| | * | |
| JACKIE LAMAR JOHNSON, | * | |
| | * | |
| Defendant, | * | |

### ORDER

This case is before the Court on a Rule 32 Petition filed by the Petitioner, pro se. The District Attorney has filed a Motion for Summary Dismissal.

The Court has considered the matters set forth in the Petition. This petition is not filed in a timely manner.

The Court finds that no material issue of fact or law exists which would entitle the Petitioner to relief under this Rule and that no purpose would be served by any further proceedings. This Petition is dismissed.

Done and Ordered this 22nd day of December, 2004.

Robert M. Harper
Circuit Judge

Copy to:
    Nick Abbett
    Jackie Lamar Johnson

FILED

DEC 22 2004

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

CIRCUIT COURT OF LEE COUNTY

032

JACKIE LAMAR JOHNSON                    (
                                         (
            PETITIONER                   (
                                         (
VS.                                      (    CASE NUMBER:    CC-90-288  CC-90-289
                                         (
STATE OF ALABAMA                         (
                                         (
            RESPONDENT                    (
                                         (

### PETITIONER'S NOTICE OF APPEAL

COMES NOW THE ABOVE STYLED PETITIONER "JACKIE LAMAR JOHNSON" AND FILES THIS HIS

"PETITIONER'S NOTICE OF APPEAL" PURSUANT TO RULE 4 (b) (I) A.R.A.P.  TO THE ALABAMA

COURT OF CRIMINAL APPEALS FROM THE TRIAL COURTS ORDER DISMISSING THE PETITIONER'S

RULE 32 PETITION ON DECEMBER 22, 2004

DONE THIS THE 4th DAY OF JANUARY 2005

```
FILED
JAN - 6 2005
IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK
```

RESPECTFULLY SUBMITTED

JACKIE LAMAR JOHNSON
AIS# I59385  E-22
WILLIAM E. DONALDSON CORRECTIONAL FACILITY
IOO WARRIOR LANE
BESSEMER, ALABAMA   35023-7299

033

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE ABOVE AND FOREGOING UPON THE FOLLOWING BY PLACING A COPY IN THE UNITED STATES MAIL POSTAGE PREPAID AND PROPERLY ADDRESSED THIS THE _____ DAY OF JANUARY 2005 AS FOLLOWS

CC: HONORABLE ROBERT T. TREESE, III
    ASSISTANT DISTRICT ATTORNEY
    37TH JUDICIAL CIRCUIT OF ALABAMA
    LEE COUNTY JUSTICE C ENTER
    2311 GATEWAY DRIVE
    OPELIKA, ALABAMA   36801-6858


CC: HONORABLE TROY KING
    ATTORNEY GENERAL
    STATE OF ALABAMA
    ALABAMASTATEHOUSE
    11 SOUTH UNION STREET
    MONTGOMERY, ALABAMA   36130

RESPECTFULLY SUBMITTED

JACKIE LAMAR JOHNSON
AIS# 159385  E-22
WILLIAM E. DONALDSON CORRECTIONAL FACILITY
100 WARRIOR LANE
BESSEMER, ALABAMA   35023-7299

State of Alabama     **REPORTER'S TRANSCRIPT ORDER -- CRIMINAL**    Criminal Appeal Number

Unified Judicial System

Case 3:06-cv-00071-WHA-VPM    Document 9-2   Filed 03/14/2006    Page 35 of 40    C34

Form ARAP-1C   8/91    Alabama Rules of Appellate Procedure (A.R. App.P.)

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☑ CIRCUIT COURT   ☐ DISTRICT COURT   ☐ JUVENILE COURT OF *Lee* _____ COUNTY

_Jackie Lamar Johnson_ , Appellant

V.   ☑ STATE OF ALABAMA   ☐ MUNICIPALITY OF _____

| Case Number | Date of Judgment/Sentence/Order |
|---|---|
| CC-90-288   CC90-289 | October 22, 2004 |
| Date of Notice of Appeal | Indigent Status Granted: |
| Oral:    Written: January 4, 2005 | ☐ Yes   ☐ No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(a)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE OF ALABAMA 1975).

_Jackie Johnson_    1/4/05    _Jackie Johnson_

Signature     Date     Print or Type Name

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED:                  COURT REPORTER(S)

A. ☐ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately. _____

B. ☐ ORGANIZATION OF THE JURY - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.) _____

C. ☐ ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.) _____

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

ADDITIONAL PROCEEDINGS REQUESTED      DATE      COURT REPORTER(S)

D. _____

E. _____

F. _____

G. _____

**FILED**

**JAN - 6 2005**

**IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK**

IMPORTANT NOTICE: The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

_Jackie Johnson_    1/4/05    _Jackie Johnson_

Signature     Date     Print or Type Name

DISTRIBUTION: Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals, (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

035

State of Alabama
Unified Judicial System

Form ARAP 26 (rev.)    8.91

APPENDIX 8B

# COURT OF CRIMINAL APPEALS
## DOCKETING STATEMENT

Criminal Appeal Number

## A. GENERAL INFORMATION

[X] CIRCUIT COURT  [ ] DISTRICT COURT  [ ] JUVENILE COURT OF   *Lee*

*Debbie Lomax Johnson*

v.  [X] STATE OF ALABAMA  [ ] MUNICIPALITY OF

Case Number:  *CC-90-288 CC90-287*

Number of Days of Trial/Hearing:

Date of Complaint or Indictment:

Date of Notice of Appeal:  Oral:

Date of Judgment/Sentence/Order:  *December 20, 2004*

Indigent Status Requested:  [X] Yes  [ ] No

Indigent Status Granted:  [X] Yes  [ ] No

Written:  *January 4, 2005*

## B. REPRESENTATION

Is Attorney Appointed or Retained?  [ ] Appointed  [ ] Retained

If no attorney, will Appellant represent self?  [X] Yes  [ ] No

Appellant's Attorney (Appellant if Pro Se) (Attach additional pages if necessary):

*Debbie Lomax Johnson*

Telephone Number:

Address:  *150 Lomax Court    Bessemer*

*Alabama  35023-1284*    Zip Code

## C. CODEFENDANTS  List each CODEFENDANT and that codefendant's Case Number.

Codefendant

Codefendant

Codefendant

Case Number

Case Number

~~FILED~~  *(FILED stamp)*

JAN - 6 2005

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

## D. TYPE OF APPEAL  Please check the applicable block.

1. [ ] State Conviction
2. [X] Post-Conviction Remedy
3. [ ] Probation Revocation
4. [ ] Pretrial Order
5. [ ] Contempt Adjudication
6. [ ] Municipal Conviction
7. [ ] Juvenile Transfer Order
8. [ ] Juvenile Delinquency
9. [ ] Habeas Corpus Petition

## E. UNDERLYING CONVICTION/CHARGE  If the type of appeal checked in Section D please check the box for each offense category for which the appeal is taken (convicted or the judicial relation to appeal). Also indicate the applicable section of the Code of Alabama for State convictions.

1. [ ] Capital Offense  §
2. [ ] Homicide  §
3. [ ] Assault  §
4. [ ] Kidnapping/Unlawful Imprisonment  §
5. [ ] Drug Possession  §

[ ] Drug Trafficking  §

6. [ ] Theft  §
7. [ ] Burglary  §
8. [ ] Forgery  §
9. [ ] Damage or Intrusion to Property  §
10. [ ] Escape  §
11. [ ] Weapons/Firearms  §

1. [ ] Fraudulent Practices  §
2. [ ] Offenses Against Family  §
3. [ ] Traffic - DUI  §
4. [ ] Traffic - Other  §
5. [ ] Miscellaneous (Specify)

## F. DEATH PENALTY

Does this appeal involve a case where the death penalty has been imposed?  [ ] Yes  [X] No

## G. TRANSCRIPT

1. Will the record on appeal have a court reporter's transcript?  [ ] Yes  [X] No
2. If the answer to question 1 is "no," was a stipulation of facts or Transcript Order made?
3. If the answer to question 1 is "no,"
   (a) will the court reporter's transcript be...

*January 4, 2005*

036

COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

POST-JUDGMENT MOTIONS

| | TYPE OF POST-JUDGMENT MOTION | | DATE OF DISPOSITION |
|---|---|---|---|
| | Rule 32 Petition | | 12 22 04 |

ISSUES OF THE CASE

1. The court was without jurisdiction to render the judgment or to impose the sentence.

ISSUES ON APPEAL

1. The court was without jurisdiction to render the judgment or to impose the sentence.

# FILED
JAN - 6 2005

IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT  OF     LEE COUNTY
STATE OF ALABAMA VS JOHNSON JACKIE LAMAR       JUDGE: ROBERT M. HARPER

---

APPEAL DATE: 01/06/2005

INDIGENCY STATUS:
 GRANTED INDIGENCY STATUS AT TRIAL COURT:      __X__ YES    _____ NO
 APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL: __X__ YES   _____ NO
 INDIGENT STATUS REVOKED ON APPEAL:            __X__ YES    __X__ NO
 INDIGENT STATUS GRANTED ON APPEAL:            __X__ YES    _____ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

---

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 43/CC 1990 000288.60

ORDER ENTERED(DATE): 12222004 PETITION: __DISMISSED  X DENIED  __GRANTED

---

| POST-JUDGMENT MOTIONS FILED: | DT FILED | DT DENIED | CON BY AGREE |
|---|---|---|---|
| ___ MOTION FOR NEW TRIAL | _____ | _____ | _____ |
| ___ MOTION FOR JUDG. OF ACQUIT | _____ | _____ | _____ |
| ___ MOTION TO W/D GUILTY PLEA | _____ | _____ | _____ |
| ___ MOTION FOR ATTY TO W/DRAW | _____ | _____ | _____ |
| ___ OTHER | _____ | _____ | _____ |

---

COURT REPORTER(S):
ADDRESS:                               _____
                                       _____
                                       _____

APPELLATE COUNSEL #1:
ADDRESS:                               PRO SE

                                                              00000
PHONE NUMBER:                          000-000-0000

APPELLATE COUNSEL #2:
ADDRESS:                               _____
                                       _____
                                       _____
PHONE NUMBER:                          _____

APPELLANT (PRO SE):                    JOHNSON JACKIE LAMAR
ADDRESS:                               AIS#159385
                                       BESSEMER         ,   AL   350237299
AIS #:                                 000159385

APPELLEE (IF CITY APPEAL):
ADDRESS:                               _____
                                       _____
                                       _____

---

I CERTIFY THAT THE INFORMATION PROVIDED          OPERATOR: KAH
ABOVE IS ACCURATE TO THE BEST OF MY              PREPARED: 01/06/2005
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS __ DAY OF _____ 2004       _____
                                               CIRCUIT COURT CLERK

038

ALABAMA JUDICIAL DATA CENTER
NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF     LEE COUNTY
STATE OF ALABAMA VS JOHNSON JACKIE LAMAR     JUDGE: ROBERT M. HARPER

APPEAL DATE: 01/06/2005

INDIGENCY STATUS:
GRANTED INDIGENCY STATUS AT TRIAL COURT:
  APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:  __X__ YES  _____ NO
INDIGENT STATUS REVOKED ON APPEAL:                __X__ YES  __X__ NO
INDIGENT STATUS GRANTED ON APPEAL:                __X__ YES  __X__ NO
                                                  __X__ YES  _____ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 43/CC 1990 000289.60

ORDER ENTERED(DATE): 12222004 PETITION: __DISMISSED  X DENIED  __GRANTED

POST-JUDGMENT MOTIONS FILED:     DT FILED     DT DENIED     CON BY AGREE
___ MOTION FOR NEW TRIAL
___ MOTION FOR JUDG. OF ACQUIT   --------     ---------     ------------
___ MOTION TO W/D GUILTY PLEA    --------     ---------     ------------
___ MOTION FOR ATTY TO W/DRAW    --------     ---------     ------------
___ OTHER                        --------     ---------     ------------

COURT REPORTER(S):
ADDRESS:

APPELLATE COUNSEL #1:
ADDRESS:                         PRO SE

PHONE NUMBER:                    000-000-0000          00000

APPELLATE COUNSEL #2:
ADDRESS:

PHONE NUMBER:

APPELLANT (PRO SE):              JOHNSON JACKIE LAMAR
ADDRESS:                         AIS#159385
                                 BESSEMER      ,  AL  350237299
AIS #:                           000159385

APPELLEE (IF CITY APPEAL):
ADDRESS:

I CERTIFY THAT THE INFORMATION PROVIDED
ABOVE IS ACCURATE TO THE BEST OF MY          OPERATOR: KAH
KNOWLEDGE AND I HAVE SERVED A COPY OF         PREPARED: 01/06/2005
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 6 DAY OF Jan 2005         CIRCUIT COURT CLERK

| of Alabama Judicial System ...P-14     11/91 | CERTIFICATE OF COMPLETION AND TRANSMITTAL OF RECORD ON APPEAL BY TRIAL CLERK | Appellate Case Number |
|---|---|---|

THE CLERK OF
THE COURT OF CRIMINAL APPEALS OF ALABAMA

DATE OF
NOTICE OF APPEAL:  1/6/05

ELLANT  *Jackie Lamar Johnson*

STATE OF ALABAMA

certify that I have this date completed and transmitted herewith to the appellate court the record on appeal ssembling in (a single volume of ___89___ pages) (_____ volumes of 200 pages each and one volume of ___ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

his __3RD__ day of __Feb__, 2005

_____
Circuit Clerk