Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-04-0651   Lee Circuit Court CC-90-288.60 and CC-90-289.60

Jackie Lamar Johnson v. State of Alabama

SHAW, Judge.

Jackie Lamar Johnson appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 1990 conviction for attempted murder and his resulting sentence of life imprisonment.[1] This Court affirmed Johnson's conviction and sentence on direct appeal in an unpublished memorandum issued on April 11, 1991. See Johnson v. State, (No. CR-90-0250) 586 So. 2d 304 (Ala. Crim. App. 1991) (table). This

---

[1] Johnson was also convicted of rape in the first degree, and he stated on the Rule 32 form that he was also challenging the rape conviction; however, he made no argument in his petition regarding the rape conviction.

EXHIBIT A-1

Court issued a certificate of judgment on April 29, 1991.

Johnson filed his petition on October 13, 2004. In his petition, Johnson alleged that the trial court lacked jurisdiction to render the judgment or to impose the sentence for the attempted-murder conviction because, he said, the indictment was defective. Although by no means clear, Johnson appeared to allege that the indictment failed to track the language of the murder and attempt statutes in that it did not allege the overt act necessary for attempted murder.[2] After receiving a response from the State, the circuit court summarily denied Johnson's petition on December 22, 2004.

The indictment, which is contained in the Rule 32 record, charged, in pertinent part:

> "The grand jury of said county charge that before the finding of this indictment Jackie Lamar Johnson, alias Jackie Johnson, whose true Christian name is otherwise unknown to the grand jury, did, with the intent to commit the crime of murder (Section 13A-6-2 of the Code of Alabama) attempt to commit said offense by attempting to intentionally cause the death of another person, Maquella Leshawn Jones, by choking her about the neck with his hands, in violation of § 13A-4-2 of the Code of Alabama, against the peace and dignity of the State of Alabama."

---

[2] He alleged the following in his petition:

> "The petitioner argues that although 'intent' to commit a crime is a necessary element within any 'attempt' statute, it is not, in and of itself, a crime to possess intent.
>
> "The petitioner argues further that clearly this indictment, Exhibit A, has been modified as it does not conform to the criminal statute, Title 13A-6-2, Code of Alabama (1975)."

(C. 24.)

(C. 25.) Section 13A-6-2(a)(1), Ala. Code 1975, provides that "[a] person commits the crime of murder if ... [w]ith intent to cause the death of another person, he causes the death of that person or of another person." Section 13A-4-2(a), Ala. Code 1975, provides that "[a] person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense." Rule 13.2(a), Ala.R.Crim.P., provides that an indictment "shall be a plain, concise statement of the charge in ordinary language sufficiently definite to inform a defendant of common understanding of the offense charged and with that degree of certainty which will enable the court, upon conviction, to pronounce the proper judgment." In Alabama, "'[a]n indictment is sufficient if it substantially follows the language of the statute violated, provided the statute prescribes with definitiveness the elements of the offense.'" Travis v. State, 776 So. 2d 819, 836 (Ala. Crim. App. 1997), aff'd, 776 So. 2d 874 (Ala. 2000), cert. denied, 531 U.S. 1081 (2001), quoting Breckenridge v. State, 628 So. 2d 1012, 1015-16 (Ala. Crim. App. 1993).

Contrary to Johnson's contention, the indictment tracked the language of both the murder and attempt statutes and those statutes prescribe with definitiveness the crime of attempted murder. In addition, Johnson's argument that the indictment alleged only the element of intent and failed to allege the overt act necessary for attempted murder is belied by the indictment quoted above -- the indictment charged that Johnson committed an overt act, specifically, "choking [the victim] about the neck with his hands." (C. 25.) The indictment was valid; therefore, the trial court had jurisdiction to render the judgment and to impose the sentence. The circuit court properly denied Johnson's petition.

Based on the foregoing, the judgment of the circuit court is affirmed.

Affirmed by memorandum.

McMillan, P.J., and Cobb, Baschab, and Wise, JJ., concur.