IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | |
|---|---|
| JACKIE LAMAR JOHNSON, #159 385 | * |
| Petitioner, | * |
| v. | *    3:06-CV-71-WHA |
| | (WO) |
| WARDEN KENNETH JONES, *et al.*, | * |
| Respondents. | * |

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Jackie Johnson, a state inmate, on January 12, 2006. Petitioner seeks to challenge his convictions for first degree rape and attempted murder entered against him by the Circuit Court for Lee County, Alabama on June 12, 1990. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction and sentence on April 12, 1991 and issued a certificate of judgment on April 29, 1991. (*See* Doc. No. 9, Exhs. A, A-1, B) Petitioner's convictions became final by operation of law on May 13, 1991.

In accordance with the orders of this court, Respondents filed an answer in which they argue that the petition for habeas corpus relief is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions, *see* 28 U.S.C. § 2244(d)(1),[1] as it was not filed within the one-year "grace period" allowed in this Circuit. Specifically, Respondents assert

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

that because Petitioner's convictions became final before the effective date of the AEDPA, he was allowed until April 24, 1997 in which to file a § 2254 petition. (Doc. No. 9 at pgs. 6-7.) Although Petitioner filed a state post-conviction petition in October 13, 2004 challenging his attempted murder conviction, this action had no effect on the limitation period as this collateral challenge was filed after the federal limitation period had already expired. Because Petitioner's direct appeal proceedings became final prior to April 24, 1996, he had until April 24, 1997 to challenge his 1991 convictions.

Upon review of the pleadings filed in this case, it appears to the court that Petitioner failed to file the instant § 2254 petition within the time allowed by the law of this Circuit.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired. Petitioner was convicted of first degree rape and attempted murder by the Circuit Court for Lee County on June 12, 1990. Petitioner appealed his convictions. The Alabama Court of Criminal Appeals affirmed Petitioner's convictions and sentence on April 11, 1991 and issued a certificate of judgment on April 29, 1991. Since Petitioner did not seek further relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking review of the 1991 first degree rape and attempted murder convictions, therefore, lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme Court -- fourteen (14) days from the issuance of the certificate of judgment. Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir.

2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court). Thus, Petitioner's convictions became final on May 13, 1991.

In light of the foregoing, it is clear that Petitioner's first degree rape and attempted murder convictions became final prior to enactment of the AEDPA. Thus, if the AEDPA were applied retroactively, the one-year limitation period contained in section 2244(d)(1)(A) would have expired on Petitioner's convictions in 1992. However, the Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Johnson], whose convictions became final long prior to the effective date of the AEDPA . . . 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). The Court further held that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their § 2254 petitions, and determined that "a reasonable time" is until April 24, 1997 -- "one year from the AEDPA's effective date."

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Petitioner filed a Rule 32 petition in the trial court, this petition was not

pending during the running of the limitation period as it was filed after expiration of the limitation period.  "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Tinker v. Moore*, 255 F.3d 1331, 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").  It is, therefore, clear that Petitioner's state post-conviction petition filed on October 13, 2004 had no affect on the running of the limitation period applicable to the instant federal habeas petition.  *Webster*, 199 F.3d at 1259.

As noted, Petitioner's convictions became final on May 13, 1991.  The applicable limitation period therefore began to run on April 24, 1996 upon enactment of the AEDPA and ran uninterrupted until its expiration.  In light of the foregoing, the time allowed Petitioner for the filing of a federal habeas petition expired on April 24, 1997.  The instant habeas petition was filed on January 12, 2006.  Under the circumstances of this case as outlined herein, the reasonable time period afforded Petitioner under *Goodman* and *Wilcox* expired over eight (8) years prior to Petitioner filing his federal habeas petition.

Accordingly, it is

ORDERED that on before April 7, 2006 Petitioner shall show cause why the instant petition for federal habeas corpus relief should not be dismissed as it was not filed within a

4

reasonable time after enactment of the AEDPA.

    Done this 21st day of March 2006.

                                            /s/ Vanzetta Penn McPherson
                                            VANZETTA PENN MCPHERSON
                                            UNITED STATES MAGISTRATE JUDGE