IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | |
|---|---|
| JACKIE LAMAR JOHNSON, #159 385 | * |
| Petitioner, | * |
| v. | *     3:06-CV-71-WHA |
| | (WO) |
| WARDEN KENNETH JONES, *et al.*, | * |
| Respondents. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Jackie Johnson ("Johnson") on January 12, 2006. Johnson challenges his convictions for first degree rape and attempted murder entered against him by the Circuit Court for Lee County, Alabama, on June 12, 1990. The Alabama Court of Criminal Appeals affirmed Johnson's convictions and sentence on April 11, 1991 and issued a certificate of judgment on April 29, 1991. (*See* Doc. No. 9, Exhs. A, A-1, B) Johnson's convictions became final by operation of law on May 13, 1991.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1). Respondents contend that because Johnson's conviction became final in May 1991 -- **before** the effective date of the statute of

limitations -- he had until April 24, 1997 to file his § 2254 petition. Respondents concede that Johnson filed a Rule 32 petition with the trial court on October 13, 2004. They argue, however, that this petition did not toll the one-year period of limitation because it was filed after expiration of the limitation period and was, therefore, not pending as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. (Doc. No. 9 at pgs. 6-7); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Upon review of the pleadings filed in this case and the law governing § 2254 petitions, the undersigned concludes that the instant application for habeas relief should be denied as it is filed outside the applicable limitations period.

## II. DISCUSSION

Johnson was convicted of first degree rape and attempted murder by the Circuit Court for Lee County, Alabama, on June 12, 1990. On April 11, 1991, the Alabama Court of Criminal Appeals affirmed Johnson's convictions and sentence. The appellate court issued a certificate of judgment on April 29, 1991. Since Johnson did not seek further relief from the Alabama Supreme Court, he was not entitled to file a petition for certiorari with the United States Supreme Court and the time for seeking review of the 1991 first degree rape and attempted murder convictions, therefore, lapsed upon expiration of the time for filing a petition for writ of certiorari with the Alabama Supreme Court -- fourteen (14) days from the issuance of the certificate of judgment. Rule 39(b), *Alabama Rules of Appellate*

*Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court). Thus, Johnson's convictions became final on May 13, 1991.

A one year statute of limitations is applicable to habeas corpus petitions filed in non-capital cases for persons convicted in a state court. 28 U.S.C. § 2244(d)(1).[1] 28 U.S.C. §

---

[1] This section provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired. Here, it is clear that Johnson's convictions became final prior to enactment of the AEDPA. Thus, if the AEDPA was applied retroactively, the one-year limitation period contained in section 2244(d)(1)(A) would have expired on Johnson's convictions in 1992. The Eleventh Circuit has held, however, that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Johnson], whose convictions became final prior to the effective date of the AEDPA ... 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). The Court further determined that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their § 2254 petitions, and determined that "a reasonable time" is until April 24, 1997 -- "one year from the AEDPA's effective date." *Id*.

As previously noted, Johnson's convictions became final on May 13, 1991. The applicable limitation period, therefore, began to run on April 24, 1996, upon enactment of the AEDPA, and ran uninterrupted until its expiration on April 24, 1997. Johnson filed a Rule 32 petition on October 13, 2004, more than seven years after the applicable limitation period expired. It, therefore, had no effect on the limitation period. *See Webster*, 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1335 n.4.

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001); *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id*.

In his response to the answer of Respondents, Johnson argues that his claim that the trial court lacked jurisdiction to render judgment or to impose the sentence for the attempted murder conviction because the indictment was defective is jurisdictional in nature and, thus, not governed by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A). (Doc. Nos. 14, 19.) Neither 28 U.S.C. § 2244(d) nor federal case law, however, makes such an exception for jurisdictional issues arising under state law.[2] The court notes that the claims

---

[2] Johnson asserts in his response that the Eleventh Circuit Court of Appeals has held that jurisdictional claims are not barred by the statute of limitations. Johnson references "*Harris v. United States*, 149 F.3d 1138 (11th Cir.)," in support of his argument. (Doc. No. 11.) The undersigned could not locate this exact cite. The court did, however, locate *Harris v. United States*, 149 F.3d 1304 (11th Cir. 1998), but it does not support the proposition stated by Johnson. The *Harris* case concerned an appeal from the denial of 28 U.S.C. § 2255 motion. The court considered the applicability of the cause-and-prejudice standard to a collateral attack on jurisdictional grounds. It determined that because jurisdictional claims may not be defaulted, a

presented in this petition are not based on a newly recognized constitutional right. Moreover, the factual predicate of the claims were readily available to Johnson at the time of his convictions and sentence.

Johnson's claims, therefore, fail to meet either of the exceptions to determining finality of judgment contained in 28 U.S.C. § 2244(d)(1)(C) and (D). Consequently, the undersigned finds no basis upon which to extend the one-year deadline and that Johnson has not demonstrated that his claims should otherwise be subject to equitable tolling. *See Sandvik*, 177 F.3d at 1271 (tolling is appropriate where "extraordinary circumstances that are both beyond [petitioner's] control and unavoidable even with diligence" exist).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Jackie Johnson be DENIED and DISMISSED with prejudice as time-barred.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said

---

defendant need not show "cause" to justify his failure to raise such a claim at trial or on direct appeal. *Id*. at 1308. The holding in *Harris* is simply not applicable to the instant action and does not support Johnson's argument for equitable tolling.

Recommendation on or before **July 5, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of June 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE